UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., <br> Plaintiff <br><br> v. <br><br> MR. TRANSMISSION OF <br>   CHATTANOOGA, INC., <br> RODNEY B. RANDALL, <br> And <br> DAVID JASON RANDALL, d/b/a <br> JASON RANDALL'S <br> TRANSMISSION SERVICE, <br> Defendants | Civil Action <br><br> File Number 1:10-CV-56 <br><br><br> JURY DEMANDED |

## ANSWER

Now comes the Defendant, David Jason Randall ("Randall") and for his Answer shows as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state any claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

This Defendant, individually, has entered into no agreement whatsoever with the Plaintiff.

### THIRD DEFENSE

There is no written agreement between Plaintiff and this Defendant, and therefore Plaintiff's action is barred by the statute of frauds.

## FOURTH DEFENSE

Plaintiff's action is barred by the doctrine of *laches*.

## FIFTH DEFENSE

The alleged contract clearly shows on its face the contracting parties were Mr. Transmission, Inc., a Tennessee corporation, and Rodney B. Randall.

## SIXTH DEFENSE

There is no privity of contract between the Plaintiff and this Defendant.

## SEVENTH DEFENSE

Any loss or damage suffered by Plaintiff was a direct and proximate result of its own negligence.

## EIGHTH DEFENSE

Plaintiff had an equal and ample opportunity to prevent any loss or damages suffered as a result of any alleged misconduct by this Defendant, which misconduct is specifically denied by this Defendant.

## NINTH DEFENSE

Plaintiff failed to exercise ordinary or due diligence in discovering any misconduct, which misconduct is specifically denied by this Defendant.

## TENTH DEFENSE

This Defendant has breached no obligation to the Plaintiff whatsoever.

## ELEVENTH DEFENSE

Plaintiff has suffered no general or special damages as a result of any alleged misconduct, which misconduct is specifically denied by this Defendant.

## TWELFTH DEFENSE

Responding to the individually numbered paragraphs of Plaintiff's Complaint, this Defendant shows as follows:

1. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 1, and therefore said allegations are denied.

2. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 2, and therefore said allegations are denied. Responding further, this Defendant specifically denies that "Mr. Transmission of Chattanooga, Inc." operates any business whatsoever at 2022 East 23rd Street in Chattanooga, Tennessee.

3. Based upon information and belief, admitted.

4. Admitted.

5. Based upon information and belief, this Defendant admits so much of paragraph 5 as alleges there is diversity between the parties. The remaining allegations contained in paragraph 5 are specifically denied.

6. The allegations contained in paragraph 6 are specifically denied.

7. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 7, and therefore said allegations are denied.

8. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 8, and therefore said allegations are denied.

9. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 9, and therefore said allegations are denied.

10. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 10, and therefore said allegations are denied.

11. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 11, and therefore said allegations are denied.

12. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 12, and therefore said allegations are denied.

13. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 13, and therefore said allegations are denied.

14. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 14, and therefore said allegations are denied.

15. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 15, and therefore said allegations are denied.

16. Based upon information and belief, admitted.

17. Based upon information and belief, admitted.

18. Based upon information and belief, admitted.

19. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 19, and therefore said allegations are denied.

20. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 20, and therefore said allegations are denied.

21. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 21, and therefore said allegations are denied.

22. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 22, and therefore said allegations are denied.

23. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 23, and therefore said allegations are denied.

24. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 24, and therefore said allegations are denied.

25. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 25, and therefore said allegations are denied.

26. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 26, and therefore said allegations are denied.

27. Based upon information and belief, admitted.

28. The allegations contained in paragraph 28 are specifically denied. Responding further, this Defendant shows that absolutely no assets, property, tangible items or intangible property belonging to Moran were transferred to this Defendant.

29. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 29, and therefore said allegations are denied.

30. This Defendant admits so much of paragraph 30 as alleges that on or about August 3, 2009 he began operating an automotive repair business at 2022 East 23rd Street, Chattanooga, Hamilton County, Tennessee. The remaining allegations contained in paragraph 30 are specifically denied.

31. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 31, and therefore said allegations are denied.

32. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 32, and therefore said allegations are denied.

33. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 33, and therefore said allegations are denied.

34. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 34, and therefore said allegations are denied.

35. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 35, and therefore said allegations are denied.

36. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 36, and therefore said allegations are denied.

37. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 37, and therefore said allegations are denied.

38. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 38, and therefore said allegations are denied.

39. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 39, and therefore said allegations are denied.

40. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 40, and therefore said allegations are denied.

41. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 41, and therefore said allegations are denied.

42. The allegations contained in paragraph 42 are specifically denied.

43. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 43, and therefore said allegations are denied.

44. The allegations contained in paragraph 44 are specifically denied.

45. Insofar as paragraph 45 alleges infringement by this Defendant, those allegations are specifically denied.

46. The allegations contained in paragraph 46 are specifically denied.

47. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 47, and therefore said allegations are denied.

48. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 48, and therefore said allegations are denied. Responding further, despite diligent attempts, this Defendant has been unable to determine the status of his

7

advertising account with Yahoo in the Chattanooga market. However, this Defendant specifically denies he has sought to have his business categorized or characterized as being associated with any "Mr. Transmission" franchise.

49. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 49, and therefore said allegations are denied.

50. The allegations contained in paragraph 50 are specifically denied.

51. The allegations contained in paragraph 51 are specifically denied.

52. This Defendant incorporates his responses to paragraphs 1-51 above as fully and completely as if set out verbatim herein.

53. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 53, and therefore said allegations are denied.

54. This Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in paragraph 54, and therefore said allegations are denied.

55. There is no numbered paragraph 55.

56. This Defendant incorporates his responses to paragraphs 1 through 55 above as fully and completely as if set out verbatim herein.

57. The allegations contained in paragraph 57 are specifically denied.

58. The allegations contained in paragraph 58 are specifically denied.

59. The allegations contained in paragraph 59 are specifically denied.

60. The allegations contained in paragraph 60 are specifically denied.

61. All other allegations not heretofore admitted or controverted, including any allegations contained in any of the prayers of the Complaint or its exhibits, are specifically denied.

WHEREFORE, having fully answered, this Defendant requests that Plaintiff's Complaint be dismissed with all costs cast against the Plaintiff; and that this Defendant have a trial by jury on all issues raised in this action.

*/s/ James A. Meaney, III*
**James A. Meaney, III**
Attorney for the Defendant
David Jason Randall
Tennessee BPR 013683

PERROTTA, CAHN & PRIETO, P.C.
319 North Selvidge Street
Dalton, GA 30720-3108
678-792-2267
706-275-6076 Facsimile
jam@perrottalaw.com

# Certificate of Service

      I certify that I have this day electronically filed a complete and accurate copy of the foregoing pleading with the Clerk of this Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties and counsel of record indicated on the electronic filing receipt and the parties may access this filing through the Court's electronic filing system. All additional counsel and unrepresented parties will be served by hand delivery, statutory overnight delivery, facsimile or e-mail transmission, or by depositing a complete and accurate copy of the foregoing pleading in the United States Mail with sufficient postage affixed thereon to carry same to its destination.

                          Ryan W. Mitchem
                          736 Georgia Avenue
                          Suite 300
                          Chattanooga, TN 37402
                          Ryan.mitchem@huschblackwell.com

                          Charles Wright
                          Wright & Woodward
                          253 East 11th Street
                          Chattanooga, TN 37402-4225

This 25th day of March, 2010.

                                        */s/ James A. Meaney, III*
                                        **James A. Meaney, III**